```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

WALTER PAYNE,                           )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    No. 2:11-cv-02664-JPM-tmp
                                        )
CENTRAL DEFENSE SERVICES,LLC,           )
                                        )
    Defendant.                          )
                                        )
_____

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS
_____

Before the Court is the Motion to Dismiss of Defendant Central Defense Services, LLC ("Central Defense" or "Defendant"), filed April 24, 2013.  (ECF No. 64.)  The matter was referred to Magistrate Judge Tu M. Pham on March 25, 2013. (ECF No. 60.)  Magistrate Judge Pham issued a Report and Recommendation (the "Report and Recommendation") on June 13, 2013, recommending that Defendant's Motion to Dismiss be converted into a motion for summary judgment and granted.  (ECF No. 74 at 16.)

Plaintiff Walter Payne ("Payne" or "Plaintiff"), who is proceeding pro se, filed a timely Objection to the Report and Recommendation on June 18, 2013.  (ECF No. 75.)

For the reasons to follow, the Court hereby OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation (ECF No. 74) in its entirety.  Accordingly, Defendant's Motion to Dismiss (ECF No. 64) is converted into a motion for summary judgment and GRANTED.  The above-captioned case is hereby DISMISSED WITH PREJUDICE.

I. STANDARD OF REVIEW

Upon proper objection by a party, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1) (2006); accord Fed. R. Civ. P. 72(b)(3).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

II. ANALYSIS

Plaintiff objects to Magistrate Judge Pham's recommendation regarding judicial estoppel.  Specifically, he argues that he relied on his bankruptcy attorney to amend his bankruptcy filings.  (See ECF No. 76 at 4 ("This deficient performance by the Plaintiff's bankruptcy counsel resulted in prejudice, that caused the Plaintiff [sic] actions to appear after-the-fact; which caused his discrimination claim to be barred by judicial

estoppel."); accord ECF No. 75-1 at 3.) Regardless of whether or not his attorney is to blame for not updating the bankruptcy filings earlier, which Plaintiff characterizes as either ineffective assistance of counsel or malpractice (see ECF No. 75 at 3-4; ECF No. 76 at 2), Plaintiff is bound by the actions of his attorney. See White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 484 (6th Cir. 2010) ("[W]e will not deviate 'from the general rule . . . that litigants are bound by the actions of their attorneys.'") Accordingly, the Court agrees with Magistrate Judge Pham's finding that Payne's "reliance on purported attorney error is not evidence of an absence of bad faith." (ECF No. 74 at 14.) This objection is OVERRULED.

Plaintiff also states that he "stood before the Honorable Magistrate Judge Tu M. Pham and stated that he [Plaintiff] left the Settlement Conference and reported to Bankruptcy Attorney Ben G. Sissman's office and relayed all information given to him from the Magistrate Judge." (See ECF No. 76 at 4 (alteration in original); accord ECF No. 75-1 at 4-5.) To the extent that this statement is intended as an independent objection, it does not indicate an absence of bad faith. It is disclosure to the bankruptcy court that is at issue because "[t]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." See

3

White, 617 F.3d at 480 n.7 (quoting In re Colvin, 288 B.R. 477, 481 (Bankr. D. Mich. 2003)). Accordingly, the Court agrees with Magistrate Judge Pham's finding that, "[a]t a minimum, these constant affirmative actions [by Payne] must be made to the bankruptcy court, to inform the bankruptcy court of claims pursued in other tribunals." (See ECF No. 74 at 15.) This objection is OVERRULED.

## III. CONCLUSION

The Court finds that Plaintiff has not cited to evidence creating an issue of material fact as to whether the evidence indicates an absence of bad faith. See Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir. 2012) ("The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'") Accordingly, the Court OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation (ECF No. 74). Defendant's Motion to Dismiss (ECF No. 64) is converted into a motion for summary judgment and GRANTED. The above-captioned case is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 2nd day of August, 2013.

                    s/ Jon P. McCalla
                    JON P. McCALLA
                    CHIEF JUDGE, U.S. DISTRICT COURT